**John A. BOEHNER, Appellant**

v.

**James A. McDERMOTT, Appellee**

No. 98–7156.

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 2001.

Before GINSBURG, Chief Judge, and SENTELLE and RANDOLPH, Circuit Judges.

## JUDGMENT

PER CURIAM.

The district court concluded that Boehner's complaint fails to state a claim upon which relief can be granted because the First Amendment to the Constitution of the United States precludes holding McDermott civilly liable under 18 U.S.C. § 2511(c) for his alleged disclosure of the illegally intercepted tape. *Boehner v. McDermott,* 1998 WL 436897. Over Judge Sentelle's dissent, we reversed. 191 F.3d 463 (1999). Subsequently, the Supreme Court decided in *Bartnicki v. Vopper,* 532 U.S. 514, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001), a case similar to the one before us, that § 2511(c) was unconstitutional as ap-

plied to the defendants in that case. The Supreme Court then granted McDermott's petition for certiorari, vacated our decision in light of *Bartnicki*, and remanded the case to us. *McDermott v. Boehner*, —— U.S. ——, 121 S.Ct. 2190, 149 L.Ed.2d 1022 (2001).

On remand to this court, the parties briefed and argued the question whether, in light of *Bartnicki*, Boehner's complaint states a claim upon which relief can be granted. We shall not consider that question at this stage, however; rather, we remand the case to the district court for further proceedings. We think the constitutional issues now raised may more readily be decided if Boehner is given an opportunity to amend his complaint, which he is free to do under FRCP 15(a) because McDermott has not yet filed an answer to the complaint. We also conclude that we would benefit from having the district court pass upon the arguments that have taken on new-found importance after *Bartnicki*.

The decision of the district court dismissing Boehner's complaint is reversed and the case is remanded.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.